### S. Florez *v.* The State.

1. Bribery — Evidence.— Appellant was indicted for offering to bribe one L., "a deputy sheriff of said county." The State having proved that L. at the date alleged was and for some time had been acting as deputy sheriff and jailor of the county, the defense proposed but was not permitted to prove that L. had not been appointed in writing, nor sworn, nor otherwise qualified as directed by article 4520 of the Revised Statutes. *Held*, that it was sufficient for the State to prove that L. was a deputy sheriff *de facto* at the date alleged. The regularity of his appointment and qualification was not an issue in the case, and therefore the proof proposed by the defense was properly excluded.

2. Same.— The alleged object of the corrupt offer was to obtain the release of a prisoner who was in the custody of L. as jailor, and it is contended by the appellant that, inasmuch as no *mittimus* to L. was in proof, the prisoner was not legally in his custody. But *held* that the manner in which the jailor became charged with the custody of the prisoner was a matter into which the appellant was not entitled to inquire.

APPEAL from the District Court of Hays. Tried below before the Hon. L. W. MOORE.

The opinion discloses all material facts. Two years confinement in the penitentiary was the punishment assessed.

*McBride & Walters*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J. The appellant was charged by the bill with offering to bribe the deputy sheriff of Hays county, and was convicted and sentenced to the penitentiary for a term of two years.

Ed. S. Lyell, the person to whom the bribe was offered, was deputy sheriff *de facto* and not *de jure*. Was the State required to prove under the indictment that he was deputy sheriff *de jure;* or was the allegation in the indictment supported by proof that he was merely deputy *de facto?* In governmental affairs a man frequently holds and exercises an office to which he has not been duly appointed. If, however, he performs the duties of the office under color of title, he is an officer *de facto*, and his official acts are binding on others. And if indicted for malfeasance in office, he will not be heard to object that he is an officer *de jure;* because, acting in that capacity, he is estopped from denying his *right* to act.

But the difficult question is whether third persons are indictable for resisting, assaulting, offering a bribe to, or bribing such officer. Upon this question Mr. Bishop says that, although the decisions on this point are not harmonious, the better opinion evidently is that they are; because the law does not permit them to test in this way the legality of the claim to office of those who hold the office under an appointment right. Other methods of

testing the right are open.   We concur with Mr. Bishop
in such a case as the one now before us, and all others
embraced in the latter portion of article 917, Bish. Cr. Law.
To be more specific: if the party is an officer *de facto*,
that is, acting notoriously in that capacity, and is bribed
or offered a bribe, or is resisted or assaulted while in the
discharge of the duties of the office, those who bribe,
offer to bribe, resist or assault, are liable to prosecution,
and they cannot depend upon the ground that he is not
an officer *de jure*.

To hold that deputy sheriffs, constables and jailors,
who have the custody of prisoners charged in a great
many cases with capital felonies, can be bribed to dis-
charge the felons, and when those guilty of the bribing
are sought to be brought to justice and punishment, that
they can plead that the custodians of prisoners were not
in every particular legally appointed, would be a terrible
doctrine indeed.   Moral obliquity obtains in the one case
as well as the other.   The injury to public justice being
the same, the defense, if one at all, is strictly technical,
without foundation as we think in principle, and evi-
dently against justice.   And though the authorities are
divided, with a large and respectable number of decisions
against Mr. Bishop, we think he and those authorities in
his support are clearly in the right.

It is claimed that the prisoner was not legally in the
custody of the deputy sheriff, because the *mittimus* was
directed to the sheriff, and not to the deputy sheriff, who
was the jailor.   There is nothing in this objection.   The
sheriff was the proper officer to whom the prisoner should
have been sent.   If the *mittimus* had been directed to the
jailor, we do not think it would have been improper.   In
fact, the prisoner having undergone an examination for
murder by the proper authority, and believed to be
guilty, and so adjudged, whether he was sent to jail by
written *mittimus* or not could not be inquired into in a

prosecution for offering to bribe the jailor to release him.

The refused charge was a very good argument upon the merits of the case, and was therefore properly rejected by the court. Finding no errors in the record, the judgment is affirmed.

*Affirmed.*